## In Re Anonymous No. 4 D.B. 76

Disciplinary Board Docket No. 4 D.B. 76.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

KECK, member, November 1, 1983—Pursuant to Rule 218(c)(5) Pa.R.D.E., the Disciplinary Board submits to your honorable court its findings and recommendations in the above-captioned matter.

The Disciplinary Board accepts the report of hearing committee [    ] and concurs in the recommendation that reinstatement be denied.

## I. HISTORY OF THE CASE

Petitioner was born June 13, 1926. He was admitted to the practice of law before the Supreme

Court of Pennsylvania November 17, 1958. On February 22, 1975 in a jury trial in the United States District Court for the Eastern District of Pennsylvania he was convicted of interstate transportation of stolen securities. On February 5, 1976, he was suspended from the practice of law and on March 28, 1978 following a hearing upon a petition for discipline he was disbarred by the Supreme Court of Pennsylvania with the provision that he might apply for reinstatement five years after February 5, 1976.

Petitioner filed a petition for reinstatement December 15, 1980 together with the reinstatement questionnaire and pertinent exhibits. A hearing on the petition for reinstatement was held February 18, 1981. Since the hearing date followed the filing date fixed by the Supreme Court, Disciplinary Counsel waived the question of premature filing. Hearing committee [      ] filed with the Disciplinary Board a report recommending reinstatement but the Disciplinary Board rejected the recommendation of the hearing committee and recommended to the Supreme Court that reinstatement be denied on the ground that petitioner failed to sustain the burden of demonstrating by clear and convincing evidence that he had the moral qualifications for admission to the practice of law in the Commonwealth of Pennsylvania. The Supreme Court accepted the recommendation of the Disciplinary Board and denied the petition for reinstatement September 25, 1981.

At petitioner's trial and at the hearing on the petition for discipline it was established that:

1. In 1974, Petitioner caused to be transported interstate and to be sold certain negotiable bonds that in 1971 had been found by Petitioner's wife in a sewing cabinet that belonged to her deceased mother.

2. Petitioner converted the proceeds from the sale of the bonds to his own uses.

3. The bonds in question had been in the custody of the [      ] Bank and Trust Company, [      ] some time between March 1968 and February 1969 during which period Petitioner served as Vice-President and Trust Officer of the bank.

4. The bonds disappeared at a time when the bank office was moved to a new location some time in 1968.

5. Petitioner denied knowledge of how the bonds came into his mother-in-law's possession.

6. [      ] Company of Maryland obtained a judgment in the amount of $27,987.95 against Respondent, which amount represents the value of securities that respondent wrongfully converted.

7. Respondent has made no effort to satisfy the judgment or to make restitution to the rightful owners of the stolen securities.

It was the position of the Disciplinary Board in reviewing the 1981 petition for reinstatement that petitioner had come into the posession of stolen property which he converted to his own use; that in doing so he caused the stolen property to be transported interstate, thereby committing the crime of which he was convicted and which resulted in his disbarment; that his failure to acknowledge any wrongdoing and to make any sort of restitution to the persons injured by his actions indicated lack of the moral qualifications required for admission to the practice of law in the Commonwealth of Pennsylvania. Therefore, the Disciplinary Board recommended that the petition for reinstatement be denied.

Petitioner filed the instant petition for reinstatement together with the reinstatement questionnaire and relevant exhibits on November

29, 1982. The matter was referred to hearing committee [    ] composed of [    ]. A hearing was held March 3, 1983 at which petitioner was represented by counsel. Hearing committee [    ] in its report filed May 18, 1983 recommended that the petition for reinstatement be denied because petitioner failed to demonstrate by clear and convincing evidence that he has the moral qualifications required for admission to the practice of law in the Commonwealth of Pennsylvania and because the admission of Petitioner to the resumption of the practice of law would be detrimental to the administration of justice and subversive to the public interest.

At petitoner's request, oral argument was held August 23, 1983 before a panel of the Disciplinary Board composed of Nancy M. Neuman, Frank J. McDonnell and Winfield Keck.

## II. DISCUSSION

In oral argument before a panel of the board, petitioner's counsel reiterated arguments contained in his brief on exceptions to the report of hearing committee [    ], namely that since his criminal conviction petitioner has devoted himself to his family, has contributed to their support through his earnings as a paralegal, has not been charged with any transgressions requiring disciplinary action of any kind and thus has demonstrated that he has the moral qualifications necessary for admission to the bar of this Commonwealth. Petitioner submitted no evidence to show that his attitude or position has changed since his earlier petition for reinstatement was denied.

Petitioner continues to deny any wrongdoing in connection with the disappearance of the securities from [    ] Bank. He still has made no effort to

make restitution of the proceeds realized from the sale of the stolen securities. He acknowledged that the judgment against him in favor of [    ] Company of Maryland constitutes a legal obligation which he intends to pay when he has the money.

It is the opinion of this board that petitioner's continuing failure to acknowledge that he has an obligation to make restitution to the rightful owners for the securities that he converted to his own use and his continuing failure to make any arrangement whatsoever to satisfy the judgment against him that arose from the conversion continue to constitute a deficiency in the moral qualifications required for admission to the practice of law. The board concurs with hearing committee [    ] that the admission of petitioner to the practice of law would be detrimental to the administration of justice and subversive of the public interest.

## III. RECOMMENDATION

The board accepts the report of hearing committee [    ] and recommends that the petition for reinstatement be denied. It is further recommended that all costs incurred in the investigation and prosecution are to be paid by petitioner.

Mr. Schwartzman abstained.

## ORDER

NIX, C.J., And now, this January 20, 1984, the recommendation of the Disciplinary Board dated November 1, 1983, is accepted, and the petition for reinstatement is denied.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.